IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOR ZURBRIGGEN, DENA CATAN, HALEY JOHNSON, LYNNETTE CHESTER, KIMBERLY JOHNSON, JOSEPH CATAN, BARBARA BELL, DOUG CRUMRINE, LAJUAN PRESTON, TIMOTHY TERRY, JULIETTE ONODY, CONSTANCE GERMOND MCCORD, TIMOTHY R. AKERS, JULIE BURKE, PATRICIA BEHNKE, EDWARD J. BURKE, STEPHEN WEIGEL, DORA A. BROWN BRANCH, SOAD HAMDAN, VICKIE ISAAC, DEMETRIA ANDERSON, KEITH MAGINN, JUDITH J. DRAKE, DESIREE WEBBER- VAN BOXTEL, CHRISTINA NYAKAS, CHRISTINA H. ENDICOTT, SHERYL KELLY, SCOTT J. AUSTIN, MIN LI, CARLA J. PATTERSON, BOBBI GORDON, CARRIE BEAN, LISA JOY, KATHY L. RUNKLE, VERONICA VERA, JULIE F. KRESKO, SANDRA STUART, DEANNA JONES, and DEBORAH A. BRASIER on behalf of themselves and on behalf of all others similarly situated, Plaintiffs, v. TWIN HILL ACQUISITION COMPANY, INC., a California corporation, AMERICAN AIRLINES GROUP INC., a Delaware corporation, AMERICAN AIRLINES, INC., a Delaware corporation, PSA AIRLINES, INC., a Pennsylvania corporation, ENVOY AIR INC., a Delaware corporation, and AMERICAN AIRLINES, INC., a Delaware corporation, Defendants. | Case No. 1:17-cv-05648<br><br>Hon. John J. Tharp, Jr.<br>Magistrate Judge Jeffrey Cole<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT TWIN HILL ACQUISITION COMPANY, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO APPENDICES N-R TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Twin Hill Acquisition Company, Inc. ("Twin Hill"), by its undersigned attorneys, respectfully submits this Answer and Affirmative Defenses to Plaintiffs' Appendices N-R to the Second Amended Complaint (Dkt. 148), filed by Plaintiffs pursuant to the Stipulation Concerning

1

the Addition of New Plaintiffs to the Second Amended Complaint (Dkt. 122-1) (the "Stipulation") and the Court's order on December 13, 2018 (Dkt. 128).

Pursuant to ¶ 8(iv) of the Stipulation, Twin Hill hereby designates its previously filed Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint (Dkt. 112) as well as its Answer and Affirmative Defenses to Appendices A-M to Plaintiffs' Second Amended Complaint ("Appendices A-M") (Dkt. 146) and supplements its Answers and Affirmative Defenses as follows. Twin Hill expressly incorporates its previously filed (i) responses to the allegations contained in paragraphs 1 through 525 of Plaintiffs' Second Amended Complaint and Plaintiffs' Appendices A-M, (ii) responses to Plaintiffs' Jury Demand and Request for Relief, and (iii) Affirmative Defenses, as if fully set forth herein. Any allegations that are not expressly admitted are hereby denied.

## TWIN HILL'S ANSWER TO APPENDIX N TO THE SECOND AMENDED COMPLAINT

526. Plaintiff Brett Dugué ("Plaintiff Dugue"), a pilot, is a resident and citizen of Texas and is currently domiciled in Roanoke, Texas. For purposes of 28 U.S.C. § 1332, Plaintiff Dugue is a citizen of Texas. Plaintiff Dugue is an employee of American Airlines, Inc.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 526.

527. Plaintiff Dugue had adverse reactions while wearing the Twin Hill uniform. As a result, in or about October 2018 he stopped wearing the Twin Hill uniform and began wearing an alternate uniform. But Plaintiff Dugue continued to experience adverse reactions when he worked around others who wore the Twin Hill uniforms. Plaintiff Dugue, despite continuing to suffer from proximity reactions, has not yet reported his proximity reactions to American. This pleading serves as such notification. Plaintiff Dugue asserts claims against American going forward for any failure by American to take steps to ameliorate his suffering and for every time in which American assigns Plaintiff Dugue to work with others who are wearing the Twin Hill uniforms.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms

are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 527 and, therefore, denies them.

528. Plaintiff Dugue asserts Counts I-VI against Defendants, and seeks to represent both the Uniform Class and Proximity Reactor Class.

**ANSWER:** Twin Hill incorporates its responses to the Class Action Allegations contained in the Second Amended Complaint at paragraphs 429 through 436 and further incorporates its responses to Counts I-VI of the Second Amended Complaint at paragraphs 437 through 486 as if fully set forth herein. Twin Hill denies that this action is appropriate for class action treatment.

## TWIN HILL'S ANSWER TO
## APPENDIX O TO THE SECOND AMENDED COMPLAINT

529. Plaintiff Gloria Morales ("Plaintiff Morales"), a former service representative, is a resident and citizen of Pennsylvania and is currently domiciled in Philadelphia, Pennsylvania. For purposes of 28 U.S.C. § 1332, Plaintiff Morales is a citizen of Pennsylvania. Plaintiff Morales is a former employee of American Airlines, Inc. As of July 15, 2018, Plaintiff Morales resigned from her position because she could no longer bear being around her colleagues wearing the Twin Hill uniforms due to the continuing adverse reactions she suffered and was no longer able to take leave under the FMLA.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 529.

530. Plaintiff Morales had adverse reactions while wearing the Twin Hill uniform. As a result, in or about July 2017 she stopped wearing the Twin Hill uniform and began wearing an alternate uniform. But Plaintiff Morales continued to experience adverse reactions when she worked around others who wore the Twin Hill uniforms. In or about August 2017, Plaintiff Morales submitted a report to her supervising coordinator regarding her proximity reactions to the uniforms. On numerous occasions following in or about July 2017, Plaintiff Morales reported her proximity reactions to her Assistant Manager, Supervising Coordinator, and Manager. At no time did American ever reassign Plaintiff Morales so that she would not have to work around the Twin Hill uniforms. American knew that Plaintiff Morales was suffering, and would continue to suffer, proximity reactions, and instead of taking steps to ameliorate her suffering knowingly continued to cause her bodily harm. Each time that American assigned Plaintiff Morales to work with others

3

who were wearing Twin Hill uniforms while knowing that she would suffer a proximity reaction was a separate, intentional tort by American.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 530 and, therefore, denies them.

531. Plaintiff Morales asserts Counts I-VI against Defendants, and seeks to represent both the Uniform Class and Proximity Reactor Class.

**ANSWER:** Twin Hill incorporates its responses to the Class Action Allegations contained in the Second Amended Complaint at paragraphs 429 through 436 and further incorporates its responses to Counts I-VI of the Second Amended Complaint at paragraphs 437 through 486 as if fully set forth herein. Twin Hill denies that this action is appropriate for class action treatment.

### *TWIN HILL'S ANSWER TO*
### *APPENDIX P TO THE SECOND AMENDED COMPLAINT*

532. Plaintiff Tashina Evans ("Plaintiff Evans"), a flight attendant, is a resident and citizen of California and is currently domiciled in Poway, California. For purposes of 28 U.S.C. § 1332, Plaintiff Evans is a citizen of California. Plaintiff Evans is an employee of American Airlines, Inc.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 532.

533. Plaintiff Evans had adverse reactions while wearing the Twin Hill uniform. As a result, in or about February 2017 she stopped wearing the Twin Hill uniform and began wearing an alternate uniform. But Plaintiff Evans continued to experience adverse reactions when she worked around others who wore the Twin Hill uniforms. On several occasions Plaintiff Evans informed her Supervisor that she was experiencing proximity reactions to the uniforms. At no time did American ever reassign Plaintiff Evans so that she would not have to work around the Twin Hill uniforms. American knew that Plaintiff Evans was suffering, and would continue to suffer, proximity reactions, and instead of taking steps to ameliorate her suffering knowingly continued

to cause her bodily harm. Each time that American assigned Plaintiff Evans to work with others who were wearing Twin Hill uniforms while knowing that she would suffer a proximity reaction was a separate, intentional tort by American.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 533 and, therefore, denies them.

534. Plaintiff Evans asserts Counts I-VI against Defendants, and seeks to represent both the Uniform Class and Proximity Reactor Class.

**ANSWER:** Twin Hill incorporates its responses to the Class Action Allegations contained in the Second Amended Complaint at paragraphs 429 through 436 and further incorporates its responses to Counts I-VI of the Second Amended Complaint at paragraphs 437 through 486 as if fully set forth herein. Twin Hill denies that this action is appropriate for class action treatment.

### *TWIN HILL'S ANSWER TO APPENDIX Q TO THE SECOND AMENDED COMPLAINT*

535. Plaintiff Bret R. Rosengren ("Plaintiff Rosengren"), a flight attendant, is a resident and citizen of Oklahoma and is currently domiciled in Oklahoma City, Oklahoma. For purposes of 28 U.S.C. § 1332, Plaintiff Rosengren is a citizen of Oklahoma. Plaintiff Rosengren is an employee of American Airlines, Inc.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 535.

536. Plaintiff Rosengren had adverse reactions while wearing the Twin Hill uniform. As a result, in or about February 2017 he stopped wearing the Twin Hill uniform and began wearing an alternate uniform. But Plaintiff Rosengren continued to experience adverse reactions when he worked around others who wore the Twin Hill uniforms. Plaintiff Rosengren informed his Supervisor through verbal communications that he was a proximity reactor and was experiencing proximity reactions on numerous occasions. As recently as January 2019, Plaintiff Rosegren told his Supervisor again that he was experiencing proximity reactions. At no time did American ever

reassign Plaintiff Rosengren so that he would not have to work around the Twin Hill uniforms. American knew that Plaintiff Rosengren was suffering, and would continue to suffer, proximity reactions, and instead of taking steps to ameliorate his suffering knowingly continued to cause him bodily harm. Each time that American assigned Plaintiff Rosengren to work with others who were wearing Twin Hill uniforms while knowing that he would suffer a proximity reaction was a separate, intentional tort by American.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 536 and, therefore, denies them.

537. Plaintiff Rosengren asserts Counts I-VI against Defendants, and seeks to represent both the Uniform Class and Proximity Reactor Class.

**ANSWER:** Twin Hill incorporates its responses to the Class Action Allegations contained in the Second Amended Complaint at paragraphs 429 through 436 and further incorporates its responses to Counts I-VI of the Second Amended Complaint at paragraphs 437 through 486 as if fully set forth herein. Twin Hill denies that this action is appropriate for class action treatment.

### *TWIN HILL'S ANSWER TO*
### *APPENDIX R TO THE SECOND AMENDED COMPLAINT*

538. Plaintiff Cherie L. Anderson ("Plaintiff Cherie Anderson"), a flight attendant, is a resident and citizen of North Carolina and is currently domiciled in Mount Gilead, North Carolina. For purposes of 28 U.S.C. § 1332, Plaintiff Cherie Anderson is a citizen of North Carolina. Plaintiff Cherie Anderson is an employee of PSA Airlines, Inc.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 538.

539. Plaintiff Cherie Anderson had adverse reactions while wearing the Twin Hill uniform. As a result, in or about January 2017 she stopped wearing the Twin Hill uniform and began wearing an alternate uniform. But Plaintiff Cherie Anderson continued to experience adverse reactions when she worked around others who wore the Twin Hill uniforms. In or about

March 2017, Plaintiff Cherie Anderson emailed her Inflight Manager and Inflight Director, informing them she was still experiencing reactions despite being out of the uniforms. In or about January 2019, Plaintiff Cherie Anderson submitted an Injury on Duty report concerning her proximity reactions, which was also reported to her Inflight Supervisor via an email which was subsequently forwarded to Plaintiff Cherie Anderson's Inflight Director. At no time did American ever reassign Plaintiff Cherie Anderson so that she would not have to work around the Twin Hill uniforms. American knew that Plaintiff Cherie Anderson was suffering, and would continue to suffer, proximity reactions, and instead of taking steps to ameliorate her suffering knowingly continued to cause her bodily harm. Each time that American assigned Plaintiff Cherie Anderson to work with others who were wearing Twin Hill uniforms while knowing that she would suffer a proximity reaction was a separate, intentional tort by American.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 539 and, therefore, denies them.

540. Plaintiff Cherie Anderson asserts Counts I-VI against Defendants, and seeks to represent both the Uniform Class and Proximity Reactor Class.

**ANSWER:** Twin Hill incorporates its responses to the Class Action Allegations contained in the Second Amended Complaint at paragraphs 429 through 436 and further incorporates its responses to Counts I-VI of the Second Amended Complaint at paragraphs 437 through 486 as if fully set forth herein. Twin Hill denies that this action is appropriate for class action treatment.

### AFFIRMATIVE DEFENSES AND RESERVATION OF DEFENSES

Twin Hill hereby incorporates its Affirmative Defenses to the Second Amended Complaint as if fully set forth herein. *See* Dkt. 112 at 160-63. By incorporating these affirmative defenses, Twin Hill does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.

Further responding, Twin Hill states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated, affirmative defenses available. Twin Hill reserves the right to assert additional affirmative defenses in the even that discovery indicates it would be appropriate.

Dated: March 27, 2019

             Respectfully submitted,

          By: /s/ *Francis A. Citera*
             Francis A. Citera (ARDC # 6185263)
             Caitlyn E. Haller (ARDC # 6309351)
             Greenberg Traurig, LLP
             77 West Wacker Drive
             Suite 3100
             Chicago, Illinois 60601
             Telephone (312) 456-8400
             Facsimile (312) 456-8435
             citeraf@gtlaw.com
             hallerc@gtlaw.com
             *Attorneys for Defendant Twin Hill*
             *Acquisition Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2019 a true and correct copy of the foregoing was filed electronically with the Clerk of Court for the United States District Court for the Northern District of Illinois by using the Case Management/Electronic Case Filing System ("CM/ECF"), which will send notification of such filing to all counsel of record at the email addresses on file with the Court.

*/s/ Francis A. Citera*