**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOR ZURBRIGGEN et al., on behalf of themselves and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TWIN HILL ACQUISITION COMPANY, INC., a California corporation, AMERICAN AIRLINES GROUP INC., a Delaware corporation, AMERICAN AIRLINES, INC., a Delaware corporation, PSA AIRLINES, INC., a Pennsylvania corporation, ENVOY AIR INC., a Delaware corporation, <br><br> Defendants. | Case No. 1:17-cv-05648 <br><br> Honorable John J. Tharp, Jr. <br><br> Magistrate Judge Jeffrey Cole |

**DEFENDANT AMERICAN AIRLINES GROUP INC., AMERICAN AIRLINES, INC., PSA AIRLINES, INC., AND ENVOY AIR INC.'S SUPPLEMENTAL MEMORANDUM TO DISMISS CLAIMS OF PLAINTIFFS IN APPENDICES S-Z**

# ARGUMENT

On June 4, 2019, eight additional Plaintiffs (the "Additional Plaintiffs") filed appendices to the Second Amended Complaint ("SAC"). (*See* Appxs. S-Z to the SAC, ECF No. 154.)[1] American Airlines, Inc. ("American") hereby designates its Motion to Dismiss the SAC, Reply, First Supplemental Memorandum, and Reply in Support of First Supplemental Memorandum (collectively, the "Designated Filings") in response to the claims of all eight Additional Plaintiffs. (*See* ECF Nos. 108, 141, 147 & 153.)

The Additional Plaintiffs reside in five states—Arizona, California, Massachusetts, North Carolina, and Texas. (*See* Appxs. S-Z to the SAC.) American addressed the law of all five states in the Designated Filings. (*See* ECF Nos. 108, 141, 147 & 153.) The individual allegations of the Additional Plaintiffs add nothing to the SAC or the prior Appendices that would change the conclusions American established in the Designated Filings. Accordingly, for the same reasons set forth in those filings, the claims of these eight Additional Plaintiffs should be dismissed based on workers' compensation exclusivity and for failing to allege the essential elements of any of their claims. (*See* ECF Nos. 108, 141 147, & 153.)[2]

The claims of Plaintiffs Corey and Young, who reside in Texas and North Carolina, respectively, fail for the additional reason that neither of them reported any proximity reactions to American before this pleading. (Appx. V to SAC, ¶ 558; Appx. W to the SAC, ¶ 561.) Thus,

---

[1] These eight Additional Plaintiffs are Baugh, Corey, Mangone, McAlpin, Olson, Shanneen, Whitney, and Young. (Appxs. S-Z to the SAC.)

[2] Of the eight Additional Plaintiffs, one is an employee of Envoy Air Inc. (Baugh), one is a former employee of PSA Airlines, Inc. ("PSA") (Shaneen), and the remaining six are employees of American (Corey, Magone, McAlpin, Olson, Whitney, and Young). (Appxs. S-Z to the SAC.). For the reasons described in footnote 1 of American's Motion, Plaintiffs' claims against AAG, Envoy and PSA fail for the same reasons their claims fail as to American. Moreover, Plaintiff Shaneen alleges no facts whatsoever to suggest that American, AAG or Envoy—rather than her former employer, PSA—had any knowledge whatsoever regarding her alleged "proximity reactions" to the uniform. Plaintiff Baugh likewise alleges no facts to suggest that American, AAG or PSA—rather than her employer Envoy—had any knowledge regarding her alleged proximity reactions.

1

under the substantial certainty test standard applied in Texas and North Carolina, Plaintiffs Corey and Young provide no basis whatsoever to infer that American knew with substantial certainty that they would have a proximity reaction to the Twin Hill uniform. *See Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985); *Woodson v. Rowland*, 329 N.C. 330, 340, 407 S.E.2d 222, 228 (1991).

To the extent Plaintiffs Baugh or Olson argue that their allegations put their claims outside of the California Workers' Compensation Act ("CWCA"), they would be wrong. Similar to Plaintiff Snow, neither Plaintiff Baugh nor Plaintiff Olson allege facts that satisfy any of the exceptions to the CWCA. (*See* ECF No. 153 at 6-10.) First, similar to Plaintiff Snow, Plaintiff Baugh and Plaintiff Olson cannot allege any conduct that falls outside the scope of the employer-employee relationship. (*See id.* at 6-7.) American's distribution of work uniforms is not behavior outside the scope of the employer-employee relationship nor is it outside the scope of employment for Plaintiffs to wear a uniform distributed by their employer. (*See id.*) Second, Plaintiff Baugh and Plaintiff Olson cannot satisfy the fraudulent concealment exception for the same reason Plaintiff Snow could not—American only learned of these plaintiffs' alleged injuries from the plaintiffs themselves. (Appx. T to the SAC, ¶¶ 549, 552; Appx. U to the SAC, ¶ 555); (*see* ECF No. 153 at 7-10.) Notably, American only learned of Plaintiff Baugh's alleged proximity reactions through this pleading, as she had never before reported her alleged proximity reactions to American nor her employer, Envoy Air Inc. (Appx. T to the SAC, ¶¶ 544, 552.)

## **CONCLUSION**

For these reasons, and for the reasons stated in American's Motion, Reply, First Supplemental Memorandum and Reply in Support of First Supplemental Memorandum—ECF Nos. 108, 141, 147, and 153—the Additional Plaintiffs' claims against AAG, American, PSA, and Envoy should be dismissed with prejudice.

Dated: June 17, 2019                    Respectfully submitted,

By:     /s/  *Mark W. Robertson*
Mark W. Robertson (NY Bar # 4508248)
(*admitted pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Fax: (212) 326-2061
Email:  mrobertson@omm.com

Susannah K. Howard (CA Bar # 291326)
(*admitted pro hac vice*)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Fax: (415) 984-8701
E-mail: showard@omm.com

Larry S. Kaplan (ARDC # 1398717)
KMA Zuckert LLC
200 W. Madison Street, 16th Floor
Chicago, IL 60606
Telephone:  (312) 345-3035
E-mail: lkaplan@zmazuckert.com

***Attorneys for Defendants American Airlines Group Inc., American Airlines, Inc., PSA Airlines, Inc., and Envoy Air Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that, on this 17th day of June 2019, copies of the foregoing document and all exhibits thereto were filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses on file with the Court.

By: /s/ Mark W. Robertson
Mark W. Robertson