**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOR ZURBRIGGEN, DENA CATAN, HALEY JOHNSON, LYNNETTE CHESTER, KIMBERLY JOHNSON, JOSEPH CATAN, BARBARA BELL, DOUG CRUMRINE, LAJUAN PRESTON, TIMOTHY TERRY, JULIETTE ONODY, CONSTANCE GERMOND MCCORD, TIMOTHY R. AKERS, JULIE BURKE, PATRICIA BEHNKE, EDWARD J. BURKE, STEPHEN WEIGEL, DORA A. BROWN BRANCH, SOAD HAMDAN, VICKIE ISAAC, DEMETRIA ANDERSON, KEITH MAGINN, JUDITH J. DRAKE, DESIREE WEBBER- VAN BOXTEL, CHRISTINA NYAKAS, CHRISTINA H. ENDICOTT, SHERYL KELLY, SCOTT J. AUSTIN, MIN LI, CARLA J. PATTERSON, BOBBI GORDON, CARRIE BEAN, LISA JOY, KATHY L. RUNKLE, VERONICA VERA, JULIE F. KRESKO, SANDRA STUART, DEANNA JONES, and DEBORAH A. BRASIER on behalf of themselves and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TWIN HILL ACQUISITION COMPANY, INC., a California corporation, AMERICAN AIRLINES GROUP INC., a Delaware corporation, AMERICAN AIRLINES, INC., a Delaware corporation, PSA AIRLINES, INC., a Pennsylvania corporation, ENVOY AIR INC., a Delaware corporation, and AMERICAN AIRLINES, INC., a Delaware corporation, <br><br> Defendants. | Case No. 1:17-cv-05648 <br><br> Hon. John J. Tharp, Jr. <br> Magistrate Judge Jeffrey Cole <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT TWIN HILL ACQUISITION COMPANY, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO APPENDICES EE-HH TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Twin Hill Acquisition Company, Inc. ("Twin Hill"), by its undersigned attorneys, respectfully submits this Answer and Affirmative Defenses to Plaintiffs' Appendices EE-HH to the Second Amended Complaint (Dkt. 169), filed by Plaintiffs pursuant to the Stipulation

1

Concerning the Addition of New Plaintiffs to the Second Amended Complaint (Dkt. 122-1) (the "Stipulation") and the Court's order on December 13, 2018 (Dkt. 128).

Pursuant to ¶ 8(iv) of the Stipulation, Twin Hill hereby designates its previously filed Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint (Dkt. 112) as well as its Answer and Affirmative Defenses to Appendices A-M to Plaintiffs' Second Amended Complaint (Dkt. 146), its Answer and Affirmative Defenses to Appendices N-R to Plaintiffs' Second Amended Complaint (Dkt. 150), its Answer and Affirmative Defenses to Appendices S-Z (Dkt. 157), its Answer and Affirmative Defenses to Appendices AA-DD (Dkt. 172) (collectively, "Appendices A-DD"), and Twin Hill supplements its Answers and Affirmative Defenses as follows. Twin Hill expressly incorporates its previously filed (i) responses to the allegations contained in paragraphs 1 through 584 of Plaintiffs' Second Amended Complaint and Plaintiffs' Appendices A-DD, (ii) responses to Plaintiffs' Jury Demand and Request for Relief, and (iii) Affirmative Defenses, as if fully set forth herein. Any allegations that are not expressly admitted are hereby denied.

## *TWIN HILL'S ANSWER TO APPENDIX EE TO THE SECOND AMENDED COMPLAINT*

585. Plaintiff Jennifer Johnson ("Plaintiff J. Johnson"), a flight attendant, is a resident and citizen of Tennessee and is currently domiciled in Knoxville, Tennessee. For purposes of 28 U.S.C. § 1332, Plaintiff Johnson is a citizen of Tennessee. Plaintiff Johnson is an employee of PSA Airlines, a wholly-owned subsidiary of American Airlines Group, Inc.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 585.

586. Plaintiff J. Johnson had adverse reactions while wearing the Twin Hill uniform.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a

fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 586 and, therefore, denies them.

587. Plaintiff J. Johnson began training as a flight attendant in August 2018. During that time she received a Twin Hill uniform.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 587.

588. Plaintiff J. Johnson wore the Twin Hill uniform for approximately four months without incident. But when she learned that many of her co-workers had experienced allergic reactions and were purchasing alternative uniforms, she too stopped wearing the Twin Hill uniform and purchased the alternative.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 588 and, therefore, denies them.

589. In August 2019, Plaintiff J. Johnson noticed a lump in her neck, which became sore and continued to grow bigger and bigger.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 589.

590. Plaintiff J. Johnson's doctor, without success, attempted to treat the lump with antibiotics and steroids.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 590.

591. On September 5, 2019, Plaintiff J. Johnson stopped working and went on FMLA leave without pay due to her reactions to the Twin Hill uniforms.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 591 and, therefore, denies them.

592. Plaintiff J. Johnson reported to AA that she was going on leave because of the Twin Hill garments.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 592 and, therefore, denies them.

593. Plaintiff J. Johnson's supervisor told her that "off the record", she was not the first employee to go on leave because of the Twin Hill uniforms.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 593 and, therefore, denies them.

594. The lumps on Plaintiff J. Johnson's neck have continued to grow.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 594.

595. Her doctor told Plaintiff J. Johnson that her lumps were likely caused by chemical exposures due to the Twin Hill uniforms.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 595 and, therefore, denies them.

596. Plaintiff J. Johnson has since thrown away her Twin Hill uniform, but her condition continues to worsen.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 596 and, therefore, denies them.

597. Plaintiff J. Johnson asserts Counts I-VI against Defendants, and seeks to represent the Uniform Class and the Proximity Reactor Class.

**ANSWER:** Twin Hill incorporates its responses to the Class Action Allegations contained in the Second Amended Complaint at paragraphs 429 through 436 and further incorporates its responses to Counts I-VI of the Second Amended Complaint at paragraphs 437 through 486 as if fully set forth herein. Twin Hill denies that this action is appropriate for class action treatment.

## *TWIN HILL'S ANSWER TO APPENDIX FF TO THE SECOND AMENDED COMPLAINT*

598. Plaintiff Walteria Roberts ("Plaintiff Roberts"), a flight attendant, is a resident and citizen of Florida and is currently domiciled in Jacksonville, Florida. For purposes of 28 U.S.C. § 1332, Plaintiff Johnson is a citizen of Florida. Plaintiff Roberts is an employee of American Airlines, Inc.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 598.

5

599. Plaintiff Roberts has had adverse reactions while wearing the Twin Hill uniform.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 599 and, therefore, denies them.

600. She received a Twin Hill uniform during her last month of training in March 2017. She purchased the uniform with her own money, but was not informed prior to her purchase that others had experienced adverse health reactions.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 600 and, therefore, denies them.

601. Plaintiff Roberts did not experience any adverse health reactions immediately, but approximately a month or two later she began experiencing minor itching. She did not think at the time that the itching was due to the uniform.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 601 and, therefore, denies them.

602. Plaintiff Roberts continued to wear the Twin Hill uniform until sometime in 2018 when she purchased an alternative Aramark uniform. Plaintiff Roberts knew others that were experiencing adverse health reactions as a result of their wearing or being around the Twin Hill uniforms, however, because her symptoms were, initially, minor rashes, she believed that she may might have previously been overreacting. So after wearing the Aramark uniform for a while, she switched back to the Twin Hill uniform in early 2019.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 602 and, therefore, denies them.

603. When Plaintiff Roberts began re-wearing the Twin Hill uniform in 2019, she began feeling fatigue, her heart would race, and she would get nauseated.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 603 and, therefore, denies them.

604. Plaintiff Roberts decided to switch out of the Twin Hill uniform dress and shirt and began wearing the pants and short sleeve shirt instead. Nevertheless, after this switch her symptoms progressively became worse.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 604 and, therefore, denies them.

605. In August 2019, Plaintiff Roberts went to the emergency room with bad stomach pain and could barely walk.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 605.

606. Thereafter Plaintiff Roberts stopped wearing the Twin Hill uniform for five days because she could not work. During this time, when she was not being exposed to the Twin Hill uniforms, she began to get better.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 606 and, therefore, denies them.

607. Plaintiff Roberts returned to work wearing her Twin Hill uniform and got sick again. She changed out of the Twin Hill uniform on a layover. During the second leg of this trip, even though she was not wearing the Twin Hill uniform, while around those who were wearing the Twin Hill garments, her symptoms got worse.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 607 and, therefore, denies them.

608. Plaintiff Roberts finally realized that her symptoms were caused by wearing and being around the Twin Hill uniforms.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill.

Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 608 and, therefore, denies them.

609. Plaintiff Roberts asserts Counts I-VI against Defendants, and seeks to represent the Uniform Class.

**ANSWER:** Twin Hill incorporates its responses to the Class Action Allegations contained in the Second Amended Complaint at paragraphs 429 through 436 and further incorporates its responses to Counts I-VI of the Second Amended Complaint at paragraphs 437 through 486 as if fully set forth herein. Twin Hill denies that this action is appropriate for class action treatment.

### *TWIN HILL'S ANSWER TO*
### *APPENDIX GG TO THE SECOND AMENDED COMPLAINT*

610. Plaintiff Teresa Averill ("Plaintiff Averill"), a flight attendant, is a resident and citizen of Florida and is currently domiciled in Boca Raton, Florida. For purposes of 28 U.S.C. § 1332, Plaintiff Averill is a citizen of Florida. Plaintiff Averill is an employee of American Airlines, Inc.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 610.

611. Plaintiff Averill has had adverse reactions while wearing the Twin Hill uniform.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 611 and, therefore, denies them.

612. Plaintiff Averill first wore a Twin Hill uniform when she was fitted in April 2016. She started wearing the Twin Hill uniform later that fall 2019. She noticed that when it was hot, her skin became itchy where the Twin Hill uniform was touching.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a

fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 612 and, therefore, denies them.

   613. In December 2016, Plaintiff Averill was diagnosed with a thyroid condition that has required to take thyroid medication going forward. Many others who have reacted to the Twin Hill garments have developed thyroid conditions.

   **ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 613 and, therefore, denies them.

   614. Plaintiff Averill also has developed respiratory issues as a result of her exposure to the Twin Hill uniforms requiring her to be placed on an inhaler going forward. Prior to her exposure to the Twin Hill uniforms, Plaintiff Averill had never been diagnosed with asthma.

   **ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 614 and, therefore, denies them.

   615. Her physician advised Plaintiff Averill that neither her lung nor thyroid conditions will likely improve.

   **ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 615.

616. Plaintiff Averill also suffers from rashes due to her exposure to the Twin Hill uniforms.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 616 and, therefore, denies them.

617. Her physician also advised Plaintiff Averill to discontinue wearing the Twin Hill uniform.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 617 and, therefore, denies them.

618. Prior to receiving the physician's advice, Plaintiff Averill did not connect her thyroid or breathing issues with the Twin Hill uniform.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 618 and, therefore, denies them.

619. Plaintiff Averill followed her physician's advice and ceased wearing the Twin Hill uniform shortly after Christmas 2016 but her health issues persist to this day.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a

11

fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 619 and, therefore, denies them.

620. Plaintiff Averill asserts Counts I-VI against Defendants, and seeks to represent the Uniform Class.

**ANSWER:** Twin Hill incorporates its responses to the Class Action Allegations contained in the Second Amended Complaint at paragraphs 429 through 436 and further incorporates its responses to Counts I-VI of the Second Amended Complaint at paragraphs 437 through 486 as if fully set forth herein. Twin Hill denies that this action is appropriate for class action treatment.

### *TWIN HILL'S ANSWER TO APPENDIX HH TO THE SECOND AMENDED COMPLAINT*

621. Plaintiff Linda Coulter ("Plaintiff Coulter"), a flight attendant, is a resident and citizen of Virginia and is currently domiciled in Roanoke, Virginia. For purposes of 28 U.S.C. § 1332, Plaintiff Coulter is a citizen of Virginia. Plaintiff Coulter is a flight attendant with and an employee of American Airlines, Inc.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 621.

622. Plaintiff Coulter has had adverse reactions while wearing the Twin Hill uniform. 623. On September 22, 2016, Plaintiff Coulter returned to work after a bout of chemical pneumonia due to a fume event unrelated to the Twin Hill garments.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 622 and, therefore, denies them.

624. When she returned to work she wore her Twin Hill garments and experienced adverse skin reactions, like hives all over her back, abdomen, and legs. The rash was scratchy so she initially wore a chamisal under her shirt but that did not eliminate the rashes.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 624 and, therefore, denies them.

625. After developing the rashes, Plaintiff Coulter called her supervisor from Dublin, Ireland before the second leg of her trip and reported that she was having a horrible reaction to the Twin Hill uniforms.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 625 and, therefore, denies them.

626. Shortly thereafter, Plaintiff Coulter stopped wearing the Twin Hill garments and began wearing off-the-rack clothing.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 626 and, therefore, denies them.

627. Plaintiff Coulter has not worn a Twin Hill garment since but has continued to react due to being around those who continue to wear them.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 627 and, therefore, denies them.

628. However, Plaintiff Coulter began developing respiratory problems that have gotten progressively worse. She also started feeling fatigued.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 628.

629. In May of 2017, Plaintiff Coulter went to an allergist to see if her respiratory problems were due to allergies. She was given the standard patch testing and tested negative for every allergen tested, further evidencing that her symptoms were due to her exposure to the chemicals in the Twin Hill uniforms and not some common allergy.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 629 and, therefore, denies them.

630. From May 2018 to January 2019, Plaintiff Coulter was on medical leave due to sciatica as result of a disc issue. During her leave, because she was not exposed to the Twin Hill uniforms, her respiratory issues subsided.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill.

Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 630 and, therefore, denies them.

631. Since she returned to work in January 2019, Plaintiff Coulter has had to drop trips because of respiratory issues in her chest and head.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 631 and, therefore, denies them.

632. Plaintiff Coulter noticed that her symptoms would get worse while at work, but that when she came home her symptoms would subside. This cycle repeats itself every time she works.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 632 and, therefore, denies them.

633. Five months ago Plaintiff Coulter was diagnosed with hypothyroidism. The medication she takes has helped with the fatigue, but her respiratory issues still plague.

**ANSWER:** Twin Hill lacks sufficient information to admit or deny these allegations and, therefore, denies the allegations in paragraph 633.

634. Plaintiff Coulter's supervisor called her in September 2019 because she dropped a trip without any sick leave left. The supervisor told Plaintiff Coulter that she would be disciplined, even though her dropping the trip was the result of a respiratory event arising from her exposure to the Twin Hill uniforms.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill.

Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 634 and, therefore, denies them.

635. As a result, Plaintiff Coulter filed an IOD to inform her employer about her proximity reactions. In response, AA told Plaintiff Coulter to get a flu shot.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 635 and, therefore, denies them.

636. Plaintiff Coulter's supervisor has since told her to go on FMLA leave due to her respiratory issues. If she calls in sick, she will not get fired; however, she will not get paid. Her FMLA leave has yet to be approved.

**ANSWER:** Twin Hill denies that its uniforms contain any defect or are capable of causing the alleged health effects complained of by Plaintiffs. Twin Hill states that its uniforms are safe, a fact confirmed by extensive testing, and denies those allegations that may be directed at Twin Hill. Twin Hill lacks sufficient information to admit or deny the remaining allegations in paragraph 636 and, therefore, denies them.

637. Plaintiff Coulter asserts Counts I-VI against Defendants, and seeks to represent the Uniform Class and the Proximity Reactor Class.

**ANSWER:** Twin Hill incorporates its responses to the Class Action Allegations contained in the Second Amended Complaint at paragraphs 429 through 436 and further incorporates its responses to Counts I-VI of the Second Amended Complaint at paragraphs 437 through 486 as if fully set forth herein. Twin Hill denies that this action is appropriate for class action treatment.

## **AFFIRMATIVE DEFENSES AND RESERVATION OF DEFENSES**

Twin Hill hereby incorporates its Affirmative Defenses to the Second Amended Complaint as if fully set forth herein. *See* Dkt. 112 at 160-63. By incorporating these affirmative defenses, Twin Hill does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.

Further responding, Twin Hill states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated, affirmative defenses available. Twin Hill reserves the right to assert additional affirmative defenses in the even that discovery indicates it would be appropriate.

Dated: December 11, 2019 Respectfully submitted,

By: /s/ *Francis A. Citera*
Francis A. Citera (ARDC # 6185263)
Caitlyn E. Haller (ARDC # 6309351)
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, Illinois 60601
Telephone (312) 456-8400
Facsimile (312) 456-8435
citeraf@gtlaw.com
hallerc@gtlaw.com
*Attorneys for Defendant Twin Hill Acquisition Company, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 11, 2019 a true and correct copy of the foregoing was filed electronically with the Clerk of Court for the United States District Court for the Northern District of Illinois by using the Case Management/Electronic Case Filing System ("CM/ECF"), which will send notification of such filing to all counsel of record at the email addresses on file with the Court.

    */s/ Francis A. Citera*