IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOR ZURBRIGGEN et al., on behalf of themselves and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>TWIN HILL ACQUISITION COMPANY, INC., a California corporation, AMERICAN AIRLINES GROUP INC., a Delaware corporation, AMERICAN AIRLINES, INC., a Delaware corporation, PSA AIRLINES, INC., a Pennsylvania corporation, ENVOY AIR INC., a Delaware corporation,<br><br>       Defendants. | Case No. 1:17-cv-05648<br><br>Honorable John J. Tharp, Jr.<br><br>Magistrate Judge Jeffrey Cole |

## **DEFENDANT AMERICAN AIRLINES, INC.'S MOTION FOR RECONSIDERATION AS TO CLAIMS OF PLAINTIFF BRET ROSENGREN UNDER OKLAHOMA LAW**

Defendant American Airlines, Inc. ("American") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 54(b), for an order revising its April 22 dismissal order (ECF No. 185) to hold that Plaintiff Bret Rosengren's claims may not proceed because Oklahoma law requires that a plaintiff plead specific intent to injure in order for his claims to fall outside of workers' compensation exclusivity, and Plaintiff Rosengren has failed to do so. In support of this motion, American states as follows:

1. On April 22, 2020, this Court issued an order granting in part and denying in part American's motion to dismiss the Second Amended complaint and various appendices adding additional plaintiffs. The order holds that Oklahoma Plaintiff Rosengren's claims may proceed

because Oklahoma applies the substantial certainty standard to determine whether an intentional tort falls outside of workers' compensation exclusivity.

2. Oklahoma law, however, specifically rejects the substantial certainty standard. *See* Okla. Stat. Ann. tit. 85A, § 5(B)(2) ("Allegations or proof that the employer had knowledge that the injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort.") Instead, Oklahoma employs the specific intent to injure standard, as American explained in its Supplemental Memorandum to Dismiss the Claims of Plaintiffs in Appendices N-R (ECF No. 151). *See* Okla. Stat. Ann. tit. 85A, § 5(B)(2) ("An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury."); *Bartra v. Marriott Int'l, Inc.,* No. CIV-17-958-M, 2018 WL 445124, at *2 (W.D. Okla. Jan. 16, 2018) (plaintiff must show that his injury "was the result of a willful, deliberate and specific intent" of his employer to cause the injury).

3. Application of the correct specific intent to injure standard to Oklahoma Plaintiff Rosengren would result in his claims being barred by workers' compensation exclusivity. Plaintiff Rosengren (like other plaintiffs whose claims were dismissed) has not stated any factual allegations suggesting American acted with specific intent to injure him. (*See* ECF No. 185 at 27) ("There are no allegations in the SAC that American had specific intent to injure their employees, much less the named plaintiffs specifically, or that harm from the Twin Hill uniforms was American's goal rather than an unintended consequence.").

4. When an order contains a "manifest error of law," this Court has discretion to revise the order pursuant to Federal Rule of Civil Procedure 54(b). *See Wiegel v. Stork Craft Mfg., Inc.*, 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012); *Patrick v. City of Chicago,* 103 F. Supp. 3d 907, 911-12 (N.D. Ill. 2015). There has been a "manifest legal error" here because the incorrect

standard for workers' compensation exclusivity under Oklahoma law was applied to Plaintiff Rosengren.

5. For these reasons, and as more fully set forth in the Memorandum in Support, this Court should grant American's motion for reconsideration and revise its dismissal order to hold that Rosengren's claims may not proceed because they are barred by workers' compensation exclusivity under Oklahoma law.

WHEREFORE, for the foregoing reasons, American respectfully requests that the Court issue an order granting its Motion for Reconsideration and revising its April 22 dismissal order to reflect that Oklahoma utilizes the specific intent to injure standard and, therefore, to conclude that Oklahoma Plaintiff Rosengren's claims are covered by workers' compensation exclusivity because he has not alleged that American specifically intended to injure him.

Dated: April 30, 2020

Respectfully submitted,

By: /s/ Mark W. Robertson

Mark W. Robertson (NY Bar # 4508248)
(*admitted pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Fax: (212) 326-2061
Email: mrobertson@omm.com

Susannah K. Howard (CA Bar # 291326)
(*admitted pro hac vice*)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Fax: (415) 984-8701
E-mail: showard@omm.com

Larry S. Kaplan (ARDC # 1398717)
KAPLAN, MASSAMILLO &
ANDREWS LLC
200 West Madison Street, 16th Fl.
Chicago, Illinois 60606
Telephone: (312) 345-3000
Fax: (312) 345-3119
E-mail: lkaplan@kmalawfirm.com

***Attorneys for Defendants American Airlines Group Inc., American Airlines, Inc., PSA Airlines, Inc., and Envoy Air Inc.***

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, certifies that, on this 30th day of April, 2020, copies of the foregoing document and all exhibits thereto were filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses on file with the Court.

                                           By: /s/ *Mark W. Robertson*
                                                      Mark W. Robertson